Case 4:20-cv-00064-MFU-JCH   Document 17   Filed 12/27/21   Page 1 of 7
Pageid#: 85

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 27 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| LISA C.,[1] | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 4:20cv00064 |
| v. | ) | |
| | ) | REPORT & RECOMMENDATION |
| KIOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | By:   Joel C. Hoppe |
|     Defendant. | ) | United States Magistrate Judge |

Plaintiff Lisa C., appearing pro se, asks this Court to review the Commissioner of Social Security's final decision denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. *See* Compl. 1–2 (Oct. 23, 2020), ECF No. 2. The Commissioner moved to dismiss the action, ECF No. 11, on grounds that Lisa filed her complaint outside the sixty-day statutory limitations period, Def.'s Br. 3 (citing 42 U.S.C. § 405(g)), ECF No. 12. Lisa conceded that her paperwork "was late" because she "had a death in the family and was out of state." Pl.'s Resp. 1–2 (Sept. 15, 2021), ECF No. 16. The case is before me by referral under 28 U.S.C. § 636(b)(1)(B).

I. The Legal Framework

Modern-day claimants for disability benefits "must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). "First, the claimant must seek an initial determination as to his [or her] eligibility." *Id.* Second, assuming that determination is unfavorable, the claimant must seek reconsideration of the initial determination. *See id.* Third, the claimant must request and attend a hearing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

conducted by an Administrative Law Judge ("ALJ"). *Id.* The ALJ then issues a written decision explaining why the claimant is not legally entitled to disability benefits. Fourth, the claimant "must seek review of the ALJ's decision by the Appeals Council," *id.*, which will grant or deny the request in a written Notice of Appeals Council Action. "If a claimant has proceeded through all four steps on the merits," then 42 U.S.C. § 405(g) entitles him or her to seek federal-court review of the Commissioner's "final decision" denying the claim for disability benefits. *Smith*, 139 S. Ct. at 1772. The claimant may obtain federal-court review "by a civil action commenced within sixty days after the mailing to him [or her] of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

The regulations set this statutory deadline "to sixty days after the individual's receipt" of the Notice of Appeals Council Action and provide that the agency will assume "the [N]otice is received five days after the date on which the notice was mailed, unless a claimant can make 'a reasonable showing to the contrary.'" *Reeves v. Colvin*, No. 6:12cv27, 2014 WL 2573049, at *2 (W.D. Va. June 9, 2014) (quoting 20 C.F.R. § 422.210(c)). The Notice is presumed to have been mailed on the date printed on the document. *See Harmon v. Astrue*, Civ. Act. No. 3:09-960, 2010 WL 1790440, at *1–2 (S.D. W. Va. Apr. 30, 2010) (noting that the Commissioner's decision becomes "final" on the date printed on the Notice of Appeals Council Action and that the Notice is presumed to have been mailed on the same date). Thus, a claimant seeking judicial review of the Commissioner's final decision has sixty-five days from the date on which the Notice of Appeals Council Action was mailed—i.e., the date printed on the document—to file a civil action in the appropriate federal district court. *See Harmon*, 2010 WL 1790440, at *1 ("The statute and regulation create a sixty-five day period from the date of the Commissioner's final decision within which to file a civil action in federal court."). Additionally, the Commissioner

2

will extend this limitations period if the claimant submits a written request showing "good cause" for "why the [civil] action was not filed within the stated time period." 20 C.F.R. § 416.1482.

The filing period in 42 U.S.C. § 405(g) is a non-jurisdictional statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Thus, while the Commissioner usually determines whether to extend the sixty-day period, "a court may step in and extend the period," or excuse a missed filing deadline altogether, in cases where the balance of equities tips so heavily in the plaintiff's favor that "deference to the agency's judgment is inappropriate." *Hunt v. Astrue*, No. 1:10cv141, 2012 WL 6761418, at *3 (M.D.N.C. Dec. 31, 2012) (citing *Bowen*, 476 U.S. at 480). Because the limitations period "is a condition on the waiver of sovereign immunity," however, it "must be strictly construed" and a plaintiff's noncompliance should be excused only in exceptional circumstances. *See Bowen*, 476 U.S. at 479. "Generally, equitable tolling will apply only where a plaintiff has actively pursued [his or] her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct." *Reeves*, 2014 WL 2573049, at *5 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Relief may be warranted under "traditional principles of equitable tolling," *Gibbs v. Barnhart*, No. 2:04cv56, 2005 WL 283205, at *1 (W.D. Va. Feb. 7, 2005), "in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party,'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)).

II. Procedural History

Lisa filed for SSI in April 2017. *See* Decl. of Janay Podraza Ex. 1, ECF No. 12-1, at 8. On July 18, 2019, after her claim was denied initially and upon reconsideration, Lisa appeared with counsel and testified at an administrative hearing before ALJ Henry Chambers. *See id.* ALJ Chambers issued an unfavorable decision on September 26, 2019. *See id.* at 8–11. He denied Lisa's claim at the first step of the sequential disability determination process, *id.* at 9, because he found that Lisa "engaged in substantial gainful activity since November 1, 2017," through the date of his decision and she "did not allege that she required special work conditions or accommodations" for a medically determinable impairment, *id.* at 10. *See id.* at 10 ("The claimant submitted a work activity report in August 2019 stating that she worked for the Danville Register on a daily basis earning $1,400 a month between November 2017 and the present. . . . There has been no continuous 12-month period during with the claimant has not engaged in substantial gainful activity." (emphasis omitted)).

The Appeals Council denied Lisa's request to review ALJ Chambers's decision by letter dated July 30, 2020. *Id.* at 17. The Notice of Appeals Council Action (the "letter") stated that Lisa had "60 days to file a civil action (ask for court review)," beginning "the day after you receive this letter," and that the agency would "assume you received this letter 5 days after the date [printed] on it unless you show us that you did not receive it within the 5-day period." *Id.* at 19. Additionally, if Lisa could not "file for court review within 60 days," she could "ask the Appeals Council to extend [her] time to file" by mailing a written request and statement of reason(s) to the Appeals Council. *Id.* ("You must have a good reason for waiting more than 60 days to ask for court review."). The Appeals Council mailed the letter to Lisa's address of record in Alton, Virginia, with a copy to her attorney's P.O. Box in Halifax, Virginia. *See id.* at 17, 20;

4

Podraza Decl. ¶ 3(a), ECF No. 12-1, at 3. Lisa is presumed to have received the letter on August 4, 2020. *See* Podraza Decl. Ex. 1, ECF No. 12-1, at 17, 19; Fed. R. Civ. P. 6(a)(1).

Lisa, now representing herself, filed a form § 405(g) complaint by mail on October 23, 2020. *See* ECF No. 2; Staff Note of Oct. 23, 2020 ("Forms and Pro Se Handbook were mailed to Pro Se Plaintiff on 9/1/2020."). She alleged that her shoulder had been swollen for nearly five months, her entire right side hurt and limited her ability to get dressed or do household chores, and she could stand for at most ten minutes. Compl. 2. The Commissioner moved to dismiss Lisa's complaint as untimely, asserting that the Appeals Council mailed the Notice to Lisa and her attorney on July 30, 2020, and that it had "no evidence that [Lisa], on her own or through a representative, requested an extension of time to commence a civil action" in federal district court. Def.'s Br. in Supp. 2 (citing Podraza Decl. ¶ 3(a)–(b)). In September 2021, Lisa responded that she "filed papers for [her] disability last year and was late," Pl.'s Resp. 1, because she "had a death in the family and was out of state," *id.* at 2. She did not allege that she asked the Appeals Council to extend her filing period. *See generally id.* at 1–2.

## III. Discussion

Lisa needed to file this civil action on or before October 5, 2020. *See* Podraza Decl. ¶ 3(a)–(b); *Harmon*, 2010 WL 1790440, at *1; Fed. R. Civ. P. 6(a)(1). The case docket indicates that the Danville Clerk's Office mailed a blank form § 405(g) complaint and copy of the Pro Se Handbook to Lisa on September 1, 2020, more than 30 days before her filing deadline. *See* Staff Note of Oct. 23, 2020. Nevertheless, Lisa did not return her complaint until October 23, 2020. ECF No. 2. Lisa concedes she "was late" in filing her complaint. Pl.'s Resp. 1. Accordingly, her case should be dismissed as time barred unless she can show there are "exceptional circumstances that warrant . . . . excusing the failure to file in time." *Gibbs*, 2005 WL 283205, at *2.

5

Lisa alleges only that she was "out of state" because she "had a death in the family." Pl.'s Resp. 2. She does not say when or for how long she was traveling or explain why she failed to file during the four weeks after the Clerk's Office sent her a blank complaint on September 1, 2020. While I sympathize with Lisa's loss, I cannot find that travel due to a death in the family presents one of "those rare instances where—due to circumstances external to the [plaintiff's] own conduct—it would be unconscionable to enforce the limitation period against [her] and gross injustice would result," *Rouse v. Lee*, 399 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 328 n.1)). *See, e.g.*, *Johnston v. Berryhill*, No. 1:17cv15, 2018 WL 4677870, at *4 (N.D. W. Va. Jan. 3, 2018) (explaining that "people are often required to travel" and that, regardless of whether the travel is "planned" or "spontaneous" or "for business or pleasure," such "travel can hardly be considered an extraordinary circumstance, or circumstances beyond [plaintiff's] control, that would justify equitable tolling" where plaintiff filed § 405(g) action roughly 30 days after deadline), *adopted*, 2018 WL 3032668, at *3 (N.D. W. Va. June 19, 2018); *cf. Garland v. Ray*, No. 7:06cv620, 2006 WL 3474333, at *3 (W.D. Va. Nov. 30, 2006) (pro se prisoner's allegations that he was "depressed and 'unable to focus or function'" after the "deaths of close family members" did not warrant equitable tolling). Accordingly, I find that Lisa has not presented exceptional circumstances to excuse her late filing.

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** the Commissioner of Social Security's motion to dismiss, ECF No. 11, and **DISMISS** the action as untimely filed.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding district judge.

The Clerk shall send certified copies of this Report and Recommendation to the parties.

ENTER: December 27, 2021

Joel C. Hoppe
United States Magistrate Judge